UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES ALLEN (#484859)** | **CIVIL ACTION** |
| **VERSUS** | |
| **SEC. JAMES LeBLANC, ET AL.** | **NO. 15-0600-SDD-EWD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 14, 2016.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHARLES ALLEN (#484859)**                          **CIVIL ACTION**

**VERSUS**

**SEC. JAMES LeBLANC, ET AL.**                       **NO. 15-0600-SDD-EWD**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion for Evidentiary Hearing/Motion for Summary Judgment (R. Doc. 22).

*Pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden Burl Cain, Ass't Warden Troy Poret, Major Trampus Butler, Major Trent Barton, Mental Health Worker Roberta Barrow, Classification Officer Raphael Augustine and Legal Programs Director Trish Foster.   Plaintiff complains that his constitutional rights were violated in September 2014, when he was charged with a false disciplinary report in retaliation for his exercise of his First Amendment right to complain about wrongful conduct by correctional officers.   Plaintiff alleges that he was found guilty of the false disciplinary charge and sentenced to punitive segregated confinement at Camp J at LSP, where he was forced to shave his beard in violation of his religious beliefs.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.   Rule 56, Fed. R. Civ. P.   The moving party bears the initial burden of informing the Court of the basis for the motion and identifying those portions of the pleadings, depositions and discovery responses, together with

affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response or failure to respond. *Ford-Evans v. Smith*, 206 Fed. Appx. 332 (5th Cir. 2006), *quoting Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). The nonmoving party is not required to respond to the motion until the movant has met its burden and properly supported the motion with competent evidence. *Id.* Only "[i]f the movant … meet[s] this burden [must] the nonmovant … go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air, supra*, 37 F.3d at 1075.

The Court concludes, on the record before it, that Plaintiff's motion should be denied at the present time. Plaintiff has not attached to his motion certified copies of any exhibits, sworn statements by any persons attesting to the truth of his allegations, or even his own sworn statement relative thereto. Accordingly, he has not made a sufficient showing of entitlement to relief nor of the absence of any genuine issues of material fact. Moreover, although the record reflects that most of the defendants have been served with process in this case, these defendants have not yet appeared in this proceeding through the filing of an Answer or other responsive pleading. As a result, Defendants have not been served with the instant motion and have not had either notice or an opportunity to respond thereto. Accordingly, the Court concludes that a grant of summary judgment would be inappropriate at this time. *See, e.g., Tyson v. Tanner, 2008 WL 4948769, \*3* (E.D. La., Nov. 18, 2008), *and cases cited therein* (finding summary judgment to be premature where defendants had not filed an answer and where discovery had not commenced).

**RECOMMENDATION**

It is recommended that Plaintiff's Motion for Evidentiary Hearing/Motion for Summary Judgment (R. Doc. 22), be denied, without prejudice, as premature, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on April 14, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**