UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHARLES ALLEN (#484859)**                          **CIVIL ACTION**

**VERSUS**

**SEC. JAMES LeBLANC, ET AL.**                       **NO. 15-0600-SDD-EWD**

**O R D E R**[1]

Before the Court is Plaintiff's Motion for Access to Directory/Motion to Amend Suit to Strategic Lawsuit Against Public Partners (R. Doc. 34).

In his original Complaint, *Pro se P*laintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against

---

[1] The law is not settled regarding whether a motion to amend that is denied is a case-dispositive motion under 28 U.S.C. § 636. "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." *Cazares v. Morris*, 2011 WL 2414543, at *2 (D.Ariz. June 16, 2011) (citing, *inter alia*, *JJCO, Inc. v. Isuzu Motors America, Inc.*, 2009 WL 3818247, *2 (D.Haw. Nov. 12, 2009) (magistrate Judge's denial of a motion for leave to amend complaint is not a dispositive ruling) (citing, in turn, *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n. 1 (9th Cir. 1985), *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir. 1996) (noting that the plaintiff's motion for leave to amend its Complaint was properly treated as a nondispositive motion when the magistrate judge granted the plaintiff's motion). There are circumstances, such as when a "magistrate judge denies a party the opportunity to assert a new claim or defense[,]" or "when the denial is specifically premised on futility[,]" that courts have "view[ed] a magistrate judge's denial of a motion for leave to amend as a dispositive ruling." *JJCO, Inc., supra*, 2009 WL 3818247, at *3 (citing cases). That "view is not universal[,]" as the court in *JJCO, Inc*. astutely observed, however. *Id*. at *3 (citing *Hall v. Norfolk S. Ry. Co*., 469 F.3d 590, 595 (7th Cir. 2006) (finding a magistrate judge's denial of a motion to amend on grounds of futility to be nondispositive and subject to review for clear error by the district court); *Morgal v. Maricopa County Bd. Of Supervisors*, 284 F.R.D. 452, 458 (D.Ariz. 2012). It does not appear that the Fifth Circuit has ruled on this issue. However, at least one other court in this Circuit has held that a magistrate judge may conclusively decide a motion for leave to amend, even one that results in a denial of leave. *See Chesapeake Louisiana, L.P. v. Innovative Wellsite Systems, Inc.*, 2014 WL 4387297 n. 1 (W.D. La. Sept. 4, 2014).

Secretary James LeBlanc, former Warden Burl Cain, Ass't Warden Troy Poret, Major Trampus Butler, Major Trent Barton, Mental Health Worker Roberta Barrow, Classification Officer Raphael Augustine and Legal Programs Director Trish Foster.  Plaintiff complained that Defendants violated his constitutional rights in September, 2014, by charging him with a false disciplinary report in retaliation for Plaintiff's exercise of his First Amendment right to complain about the alleged wrongful conduct of correctional officers.   Plaintiff further complained that he was found guilty of the false disciplinary charge and sentenced to punitive segregated confinement at Camp J at LSP, where he was forced to shave his beard in violation of his religious beliefs.

Since the filing of the original Complaint, Plaintiff has filed a Motion for Summary Judgment that has been denied as premature, *see* R. Docs. 22, 29 and 37, and Defendants have filed a Motion to Dismiss that is currently pending before the Court.  *See* R. Doc. 32.  Both of these motions have addressed the claims asserted in Plaintiff's original Complaint.

In the instant "Motion to Amend" (R. Doc. 34), Plaintiff is now seeking to fundamentally alter the nature of his original claims and to add numerous defendants, more than 30 in number, who are entirely unrelated to the claims asserted in the original Complaint.   Specifically, Plaintiff asserts in the instant motion that while perusing the American Heritage Dictionary, he learned of a particular type of lawsuit, which lawsuit is purportedly denominated a "Strategic Lawsuit Against Public Partners" or "SLAPP" lawsuit and which lawsuit, he believes, is appropriate for the assertion of new far-reaching claims of conspiracy to violate his constitutional rights.   As the Court understands the rambling allegations of Plaintiff's proposed amended complaint, it appears that the claims sought to be added relate back to years before he was convicted of the offense for which he is currently incarcerated and involve a purported conspiracy among, *inter alia,* (1) members of a religious sect or "cult" to which Plaintiff's father belonged in Plaintiff's youth, "The

Family International" or "Children of God," (2) supervising employees of the Home Depot Corporation for which Plaintiff allegedly performed contracting services before his incarceration, and (3) officials employed by the Louisiana Department of Public Safety and Corrections thereafter.  Plaintiff alleges that members of the religious sect subjected Plaintiff to disciplinary measures beginning more than ten years before his conviction when he refused to submit to sexual abuse by cult members and that the cult later ultimately directed or induced Plaintiff to commit the murder for which he was later convicted.  Plaintiff further alleges that he was subjected to hypnosis by employees of The Home Depot Corporation and later by officials at the Department of Corrections after his incarceration, apparently at the behest of the religious group.  Plaintiff further alleges the involvement of former President George Bush and the Central Intelligence Agency in the referenced conspiracy, and he ultimately complains that both his current incarceration and a pattern of abuse and harassment at LSP since his incarceration, including "repeated defamations, beatings, gassings, electric shock" and false disciplinary charges, are a continuation of the referenced conspiracy, all for the purpose of maintaining his silence and submission.  *See* R. Doc. 34 at p. 10.  Plaintiff seeks to add as defendants to this proceeding, *inter alia*, members of the religious group, employees of the Home Depot Corporations, former President George Bush, members of his own family, members of the family of his murder victim, police detectives involved with his original prosecution, his criminal defense attorney, and numerous officials employed by the Louisiana Department of Corrections.

Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within … 21 days after serving it, or … 21 days after service of a motion under Rule 12(b) …."  In all other cases, a party may amend its pleading only with the consent of the opposing party or the Court, provided that leave to amend should be freely

granted when justice requires. *See* Fed. R. Civ. P. Rule 15(a)(2). Although it has been recognized that Rule 15 evinces a strong bias in favor of granting a motion for leave to amend, *see Jackson v. Walker*, 2014 WL 1912362, *2 (W.D. La. May 13, 2014), the Court may deny such leave when the amendment would be futile, as where it would assert a non-meritorious or frivolous claim that would not survive a Rule 12(b)(6) motion to dismiss. *Id*. *See also Jewell v. Bell*, 388 Fed. Appx. 435 (5th Cir. 2010); *Soliz v. Bennett*, 150 Fed. Appx. 282 (5th Cir. 2005).

Upon a review of Plaintiff's Motion to Amend in the instant case, the Court concludes that the proposed amendment should not be allowed. In the first place, it does not appear that the amendment is one to which Plaintiff is entitled as of right in accordance with Rule 15(a)(1). Specifically, it appears from the Docket Sheet that Defendants were served with Plaintiff original Complaint on or about January 7, 2016, and the instant Motion to Amend, filed in April 2016, was not filed within 21 days of such service. Further, the Motion to Amend may not be seen to have been filed in response to either the filing or service of Defendants' pending Motion to Dismiss pursuant to Rule 12(b). Whereas the Court's Docket Sheet appears to reflect that Plaintiff's Motion to Amend was filed after the filing of Defendants' 12(b) Motion to Dismiss, Plaintiff's Motion to Amend was in fact filed, as a matter of law, three weeks previously, on or about April 6, 2016 when he signed and submitted the Motion to prison officials for transmission to the Court. *See* R. Doc. 34 at p. 23. This is because, pursuant to the so-called "prison mailbox rule," a pleading filed by an incarcerated prisoner is deemed to be filed, not when it is received and/or docketed by the Court, but when the prisoner places the pleading into the prison mailing system. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 2008 WL 553186, *3 (E.D. La. Feb. 28, 2008). Thus, Plaintiff's Motion to Amend may not be seen to have been filed after service of Defendants' Rule 12(b) motion or in response thereto, and the Court therefore

has discretion under Rule 15(a)(2) to evaluate and address the propriety of granting Plaintiff leave to amend the Complaint in this instance.

Upon a review of Plaintiff's Motion to Amend and proposed Amended Complaint, the Court concludes that the proposed amendment would be futile and that granting leave to amend would be ill-advised. Without undertaking a detailed legal and factual analysis in connection with Plaintiff's additional factual allegations, it appears clear that his claims, for the most part, are barred by passage of the one-year limitations period applicable to claims brought pursuant to 42 U.S.C. § 1983. *Treadwell v. St. Tammany Parish Jail*, 599 Fed. Appx. 189 (5th Cir. 2015), *citing Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989). Further, many of the persons sought to be added as defendants are not state actors subject to liability under § 1983, as required by that statute, because they are not alleged to have been acting under color of state law when they engaged in the conduct complained of by Plaintiff. Finally, Plaintiff's claims regarding a far-reaching conspiracy dating back many years are entirely conclusory and are, for the most part, delusional and unsupported by his factual allegations. And to the extent that he seeks to name as defendants officials who are employed by the Louisiana Department of Corrections and seeks to complain of events that have allegedly occurred more recently at LSP, Plaintiff does little more than provide the names of such officials, and he provides no factual allegations regarding the actual events of which he complains, the dates that they allegedly occurred, or the manner in which each such official was personally and directly involved in those events. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (holding that a state official must be shown to have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or shown to have had a causal connection therewith). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights

violation under any theory of respondeat superior or vicarious liability"). Nor does it appear that Plaintiff's claims have been administratively exhausted as mandated by 42 U.S.C. § 1997e. *See Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998) (explaining that § 1997e "plainly requires that administrative remedies be exhausted before the filing of a § 1983 suit, rather than while the action is pending"), *overruled by implication on other grounds, Jones v. Bock*, 549 U.S. 199 (2007). Thus, the Court finds that the claims asserted in Plaintiff's proposed Amended Complaint would not apparently survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, and the Court declines to grant leave to amend the Complaint to add such claims.[2]

---

2   The Court further notes that Plaintiff's pleadings evidence some confusion regarding his attempt to convert his Complaint into a purported "SLAPP" lawsuit. Contrary to Plaintiff's assertions, his claims do not fit neatly into the SLAPP context, and there is no benefit associated with asserting a claim in such a lawsuit. In fact, it appears that such lawsuits are disfavored under the law. As stated by the Louisiana Court of Appeal for the Fifth Circuit in *Yount v. Handshoe*, 171 So.3d 381 (La. App. 5th Cir. 2015):

> "SLAPP" is an acronym for Strategic Lawsuit Against Public Participation, a term first coined … to describe generally meritless suits brought by large private interests to deter common citizens from exercising their constitutional right to petition or to punish them for doing so…. Courts have difficulty identifying these suits which masquerade as ordinary lawsuits, most often in the form of defamation or a business tort. SLAPP suits consist of a civil complaint or counter claim (form monetary damages and/or injunction) filed against non-governmental individuals and/or groups because of their communications to a government body … on an issue of some public interest or concern. Typical examples of SLAPP suits include cases brought by 1) police, teachers, and other public officials and employees against their critics; 2) landlords against tenants reporting problems to the city health inspectors; 3) business against consumers reporting problems with their products or service; and 4) by dumps, toxic waste incinerators, bars, and other less-than-attractive enterprises against their NIMBY ("Not-In-My-BackYard") homeowner opponents. At their heart, SLAPP suits threaten a citizen's right to petition because the mere filing of the suit limits public participation in the political process.

*Id*. at 387 (citations omitted). As a result of a perceived increase in the use of such disfavored SLAPP lawsuits, states have enacted so-called anti-SLAPP statutes that provide a procedural mechanism for summary dismissal of same based upon a special motion to strike. In Louisiana, such an anti-SLAPP statute is codified at article 971 of the Louisiana Code of Civil Procedure.

Accordingly, in the exercise of its discretion, the Court declines to allow Plaintiff leave to amend his Complaint to assert the referenced claims and to add additional parties herein. Therefore,

**IT IS ORDERED** that Plaintiff's Motion for Access to Directory/Motion to Amend Suit to Strategic Lawsuit Against Public Partners (R. Doc. 34) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-one (21) days from the date of this Order to file any additional opposition he may have to Defendants' pending Motion to Dismiss (R. Doc. 32).

Signed in Baton Rouge, Louisiana, on January 3, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**