# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

CHARLES ALLEN (#484859)                                          CIVIL ACTION

VERSUS

SEC. JAMES LeBLANC, ET AL.                               15-600-SDD-EWD

## ORDER

This matter comes before the Court on Plaintiff's *Request for Preliminary Injunction Order*.[1]

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, former Warden Burl Cain, Ass't Warden Troy Poret, Major Trampus Butler, Major Trent Barton, Mental Health Worker Roberta Barrow, Classification Officer Raphael Augustine, and Legal Programs Director Trish Foster.   Plaintiff complains that Defendants violated his constitutional rights in September of 2014, by charging him with a false disciplinary report in retaliation for Plaintiff's exercise of his First Amendment right to complain about the alleged wrongful conduct of correctional officers.   Plaintiff further complains that he was found guilty of the false disciplinary charge and sentenced to punitive segregated confinement at Camp J at LSP, where he was forced to shave his beard in violation of his religious beliefs.

In the instant motion, consisting of a single page and a single sentence, Plaintiff

---

[1] Rec. Doc. 46.

requests "a preliminary injunction forbidding DOC personnel from harassing me to shave my beard."[2]

Plaintiff is not entitled to the relief requested.   In order to obtain preliminary injunctive relief, Plaintiff must demonstrate: "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest."[3]   "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements."[4]   If Plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction.[5]   Additionally, in the prison context, preliminary injunctive relief must be narrowly drawn, must extend no further than necessary to correct the violation of the federal right, and must be the least intrusive means necessary to correct the harm.[6]

On the record before the Court, Plaintiff is not entitled to the relief requested.   His claim of irreparable injury is entirely conclusory, and the Court has denied previous requests by Plaintiff for injunctive relief.[7]   In doing so, the Court has noted that it is unlikely that Plaintiff will prevail on his claims against Defendants and that any harm that

---

[2] *Id.*

[3] *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003).

[4] *Id.*

[5] *See Roho, Inc. v. Marquis*, 902 F.2d 356, 361 (5th Cir. 1990).

[6] 18 U.S.C. § 3626(a).

[7] *See* Rec. Docs. 15 and 30 (denying Plaintiff's several motions for preliminary injunctive relief, Rec. Docs. 7, 10, 11, and 25).

may come to Plaintiff is likely to be minor rather than irreparable.[8]   The Court again finds that Plaintiff has failed to establish the essential components of a viable claim for preliminary injunctive relief and that his claims in this case are subject to being adequately addressed in this ordinary proceeding.[9]   Plaintiff's request for injunctive relief, therefore, shall be denied.   Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's *Request for Preliminary Injunction Order*[10] is DENIED.

Baton Rouge, Louisiana the ___7___ day of February, 2017.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[8] *Id.*

[9] *See Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974) (finding that "only those injuries that cannot be redressed by the application of a judicial remedy after a hearing on the merits can properly justify a preliminary injunction").   The courts of this Circuit have previously upheld prison hair regulations as non-violative of the First Amendment, applying the reasonableness standard set forth in *Turner v. Safely*, 482 U.S. 78 (1987).   *See, e.g., Green v. Polunsky*, 229 F.3d 486 (5th Cir. 2000) (upholding policy that prohibited inmates from wearing beards of any length, finding no First Amendment violation); *Phillips v. Stalder*, 100 Fed. Appx. 315 (5th Cir. 2004) ("[p]rison grooming regulations which require prisoners to cut their hair and beards are rationally related to the achievement of valid penological goals"); *Diaz v. Collins*, 114 F.3d 69 (5th Cir. 1997) ("We agree ... that a prison regulation on hair length is related to security and, as such, involves a compelling state interest.   Further, the security interest at stake cannot meaningfully be achieved appropriately by any different or lesser means than hair length standards. We perceive no constitutional infraction in such").   Accordingly, the Court finds that the issue presented in this case is susceptible of being adequately addressed in this ordinary proceeding.

[10] Rec. Doc. 46.

3